*Release to Probation*

RECEIVED
06 DEC 23 AM 11:06
CLE...

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
                  Plaintiff

v.

Case Number Cr. 04-88 and Cr. 04-140

USM Number 11478-041
Social Security Number 8759
Date of Birth 1982

Joshua Nathan Linsk
                Defendant

Lyonel Norris

Defendant's Attorney

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count(s) 1 and 3 of the Indictment and Count 1 of the Information as to Cr. 0-140 on 4/13/04

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1030(a)(5)(A)(i)(a)(5)(B)(i)(c)(1)(A) | Fraud and related activity in connection with computers | May 6, 2002 | 1 |
| 18 USC 1029(a)(3)(c)(1)(A)(i) | Possession of 15 or more unauthorized access devises | May 13, 2003 | 3 |
| 18 USC 875(d) | Interstate communications with intent to extort by threat of reputation | July 25, 2001 | 1 |

The defendant is sentenced as provided in pages 2 through __ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) Number of Count(s) 2 of the Indictment is/are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

FILED DEC 10 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

A true printed copy in 6 sheet(s) of the electronic record filed on 12-11-04 in the United States District Court for the District of Minnesota.
CERTIFIED, 12-13, 2004.
BY: RICHARD D. SLETTEN
Deputy Clerk

Date of Imposition of Sentence:
December 10, 2004

s/ Richard H. Kyle
United States District Judge

## PROBATION

The defendant is hereby sentenced to probation for a term of **5 years** as to each Count 1 and 3 and Ct 1 of the Information to be served concurrently.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two period drug tests thereafter.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions.

### STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF PROBATION

1. The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

2. Defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

3. Defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

4. Defendant shall not possess or use a computer or other electronic device with access to any on-line computer service without prior written approval of the US Probation Office. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

5. Defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer.

6. Defendant shall take any prescribed medications as directed by a medical provider.

7. Defendant shall reside for a period of 120 days in a community corrections center as approved by the probation officer and shall observe the rules of that facility. Defendant may be afforded work release.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300 | | $6,002.00 |

### FINE

### RESTITUTION

Restitution in the amount of **$6,002.00** is hereby ordered. The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| US Postal Service Office of Inspector General 1735 North Lynn Street 10th Floor Arlington Virginia 2209-2020 | $Amount of Loss | $5,152 | Priority Order/Percentage |
| Federal Bureau of Investigation Attention: Special Agent Cheney-Eng-Tow 257 East 200 South, Suite 1200 Salt Lake City, Utah 84111 | $Amount of Loss | $$850.00 | Priority Order/Percentage |
| **Totals** | | $6,002.00 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.